**PETITION UNDER 28 USC § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

AO 241 (Rev. 5/85)

| United States District Court | District | Massachusetts |
|---|---|---|

| Name | Jean Carlos Almodovar | Prisoner No. W68354 | Case No. |
|---|---|---|---|

| Place of Confinement | MCI-Cedar Junction<br>P.O. Box 100<br>So. Walpole, Ma. 02071 |
|---|---|

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Jean Carlos Almodovar | v.    David Nolan<br>*Referred to MJ A. Cohen* |

The Attorney General of the State of:    Massachusetts

### PETITION

1. Name and location of court which entered the judgment of conviction under attack  Hampden Superior
   Court, 50 State Street, Springfield, Ma. 01102

2. Date of judgment of conviction  July 17, 2000

3. Length of sentence  Life

4. Nature of offense involved (all counts)  First degree murder, possession of ammunition,
   carrying a firearm without a license.

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐    No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒    No ☐

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court ___Massachusetts Appeals Court___

   (b) Result ___appeal denied___

   (c) Date of result and citation, if known ___April 12, 2004 (unpublished)___

   (d) Grounds raised ___Defendant was not informed by both judge and counsel___
   ___that malice aforethought was a necessary element.___

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

      (1) Name of court ___Supreme Judical Court of Massachusetts___

      (2) Result ___further review denied___

      (3) Date of result and citation, if known ___June 30, 2004___

      (4) Grounds raised ___Defendant was not informed by both judge and counsel___
      ___that malice aforethought was a necessary element.___

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

      (1) Name of court _____

      (2) Result _____

      (3) Date of result and citation, if known _____

      (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☐        No ☒

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court _____

      (2) Nature of proceeding _____

      (3) Grounds raised _____

AO 241 (Rev. 5/85)

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐          No ☑

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

   (1) Name of court _____

   (2) Nature of proceeding _____

   (3) Grounds raised _____

_____

_____

_____

_____

   (4) Did you receive an evidentiary hearing on your petition, application or motion?
   Yes ☐          No ☐

   (5) Result _____

   (6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
   (1) First petition, etc.          Yes ☑          No ☐
   (2) Second petition, etc.        Yes ☐          No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
   Caution:  In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedin Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you m have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. T petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of t nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self−incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A.    Ground one:  The Petitioner Was Not Informed By The Judge Or Counsel

That malice Aforethought is A Necessary Element of Second Degree Murder.

Supporting FACTS (state *briefly* without citing cases or law)   The plea judge and defense counsel failed in their official duties to inform the petitioner on the definition of malice aforethought and premeditated murder. The petitioner did not receive real notice of the true nature of the charge making his guilty plea invalid, AS SET OUT IN STATE MOTIONS, MEMORANDUMS, 03-P-490 bARF ANd S.J.C. ALOFAR, INCORPORATED heREIN by REFERENCE

B.    Ground two: _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 5/85)

C.    Ground three: _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

_____

_____

D.    Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐        No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

    (a)    At preliminary hearing  _Richard Rubin, 7 Stockbridge Street, Hampden,_
           _Massachusetts_

    (b)    At arraignment and plea  _____(Same)_____

           _____

AO 241 (Rev. 5/85)

(c) At trial _____N/A_____

_____

(d) At sentencing ____(same)_____

_____

(e) On appeal _____Pro se_____

_____

(f) In any post—conviction proceeding ____Pro se_____

_____

(g) On appeal from any adverse ruling in a post—conviction proceeding ___Pro se_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?

Yes ☒    No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☐    No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes ☐    No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_Aug 20 2004_____
(date)

_____
Signature of Petitioner

(6)

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action
No.

Jean Carlos Almodovar,

     Petitioner,

v.

David Nolan,

     Respondent.

MEMORANDUM OF LAW IN SUPPORT OF PETITION
FOR WRIT OF HABEAS CORPUS PURSUANT TO
28 U.S.C. § 2254

## I. STANDARD OF REVIEW

The exhaustion doctrine seeks to afford the state courts
a meaningful opportunity to consider allegations of legal
error without legal interference from federal judiciary.
Rose v. Lundy, 455 U.S. 509,515 (1982). Under standards
established by the courts, a state prisoner may initiate
a federal habeas petition "[o]nly if the state court has had
the first opportunity to hear the claims sought to be
vindicated. . ." Picard v. Connor, 404 U.S. 270,276 (1971).
"It follows, of course, that once the federal claim has
been fairly presented to the state court, the exhaustion
requirement is satisfied." Id. at 276, quoting from
Vasquez v. Hillery, 106 S.Ct. 617,620 (1986).

## II. STATEMENT OF THE CASE

On December 8, 1999, the petitioner was indicted by

a grand jury sitting in Hampden County on indictment nos.
02665 (first degree murder); 02666 (possession of ammunition);
and 02667 (carrying a firearm without a license).

Petitioner was arraigned in Hampden Superior Court on
December 17, 1999, and he pled guilty to the lesser offense
of murder in the second degree.

In December, 2002, the petitioner filed a motion for
new trial which was denied by the trial judge.  He timely
appealed to the Massachusetts Appeals Court.  His appeal
was denied.  He filed an application for Further Appellate
Review was denied on June 6, 2004.  He now petitions
this court for a writ of habeas corpus pursuant to 28 U.S.C.
§ 2254.

III.  **STATEMENT OF THE FACTS**

On October 26, 1999, about 11:30 p.m., Holyoke Police
Officers responded to the area in front of 605 Southbridge
Street, where they found Alexander Rosa on the sidewalk
suffering from multiple gunshot wounds, near death.  An
autopsy was performed by Doctor Mendrick on October 27,
199% who determined the victim had received four gunshot
wounds by a .38 caliber gun and a round of pellets was
retrieved from his lower side.

Investigating officers learned about Edgar Laboy and
located him at his apartment on High Street on the evening
of October 27, 1999.  After initial reluctance, Laboy

-2-

accompanied the police to the police station where he gave
a full statement regarding Mr. Rosa's death.   Laboy informed
the police that Mr. Rosa and he had gone to Southbridge
Street to break into a car from which they hoped to steal
items from in order to sell; and they were in the process
of taking items from this White Chevy Celebrity that was
parked on Southbridge Street in front of #605, when they
were approached by four young men.   The Commonwealth
asserted that Laboy would have testified that one of
the young men approached the victim, by the name of Chipa,
and said that this was the guy that ratted on my brother.
Mr. Laboy would have testified that the second assailant,
unknown to Laboy, then approached, swung at the victim
with something.   The first assailant then pulled out a gun
and shot the victim four times as he attempted to run.
At which time, the second assailant then shot the victim
with a shot from a sawed-off shotgun.   Mr. Rosa knew the
first assailant as Chipa, and the police showed the gang
mugshot books to Mr. Laboy.   Mr. Laboy identified Mr.
Kelvin Gutierrez as being the person named Chipa.   The
Commonwealth concedes that Laboy did not know the
second assailant carrying the sawed-off shotgun.

Investigating officers learned that Mr. Gutierrez
was often in the company of the defendant, whi was known
as his nephew and went by the street name Gadget.   Mr.
Laboy was relocated to Florida, and once the connection
of the two defendants was determined, Trooper John Murphy

assembled a photo array and sent them to the Florida Police
Department where he enlisted the services of Corporal
Howard of that Department.  Mr. Howard showed the array
of photos to Laboy and Laboy identified the defendant,
Almodovar, as the second assailant.

The Commonwealth intended to produce Mr. Jose Velez,
who it is alleged that Almodovar knew as Sellie or Sellie-
man.  Mr. Velez would have testified that on the evening
of the shooting, he was at #398 Main Street on the second
floor, when both defendants came to the location.  Mr.
Gutierrez told Velez that he had allegedly shot somebody.
Mr. Almodovar was with him, and that he allegedly saw
both defendants stash guns on the fourth floor of that
apartment --- Mr. Gutierrez had a handgun and the
defendant had a sawed-off shotgun.  Mr. Velez subsequently
took both defendants to the Connecticut River the following
day, where the two defendants allegedly tossed the guns
into the Connecticut River.  The Commonwealth concedes
that an extensive search of the river in question was
done and no guns were recovered.  The Commonwealth intended
to prove the relationship between the two defendants.
See Plea Transcripts at pp. 21-24.

**IV.  ARGUMENTS**

A.   THE PETITIONER WAS NOT INFORMED BY THE JUDGE
     OR COUNSEL THAT MALICE AFORETHOUGHT IS A
     NECESSARY ELEMENT OF SECOND DEGREE MURDER,
     WHEREAS THE MASSACHUSETTS APPEALS COURT RULING
     DENYING HIS APPEAL WAS CONTRARY TO, OR INVOLVED
     AN UNREASONABLE APPLICATION OF CLEARLY ESTAB-
     LISHED FEDERAL LAW, AS DETERMINED BY THE
     SUPREME COURT, MAKING HIS PLEA OF GUILTY IN-
     VALID WHICH BOTH JUDGE AND COUNSEL FAILED TO
     GIVE THE PETITIONER NOTICE OF THE "TRUE NATURE
     OF THE CHARGE" TO WHICH HE PLEADED GUILTY IN
     VIOLATION OF Henderson v. Morgan, 426 U.S.
     637 (1976).

The issue put before the Massachusetts Appeals Court
was that the petitioner's plea of guilty to second degree
murder was involuntary under the standards of Henderson
v. Morgan, 426 U.S. 637, 96 S.Ct. 2253 (1976). See also
Commonwealth v. McGuirk, 376 Mass. 338, _____ N.E.2d_____,
(1978), cert. denied, 439 U.S. 1120 (1979). In Henderson
the Court said a plea could not be voluntary in the sense
that it constituted an intelligent admission that he com-
mitted the offense unless the defendant received "real
notice of the true nature of the charge against him, the
first and most universally recognized requirement of
due process." Id. at 426 U.S. 645, citing Smith v. O'Grady,
312 U.S. 329.

In this case the plea judge and defense counsel
failed in their official duties to inform the petitioner
on the definition of premeditation and what the Commonwealth
would have to establish under this theory to possibly convict

-5-

him.  The judge gave inadequate instructions on deliberate premeditated murder denying the petitioner real notice of the true  nature of the charge."  Because of this failure, the petitioner did not have an adequate under- standing of the true nature of the charge.  It is also clear that the plea judge failed to give adequate instructions on joint venture.  This, too, violates the provisions of <u>Henderson</u>.

The Appeals Court in their decision states at p. 2, that they agree with the Commonwealth that neither the petitioner's motion for new trial nor affidavit presented in support thereof presented any substantial issue which warranted an evidentiary hearing.  This ruling is improper and it overlooks what <u>Henderson</u> speaks of.  <u>Henderson</u> is not satisfied with a judge's personal determination of the plea colloquy if its not consistent with the law and the constitution.  The colloquy by the judge does not address whether if the defendant "<u>knew</u>" the elements of first degree murder as inartfully defined by the plea judge -- a requirement that is mandated by law is not to be overlooked as the Massachusetts Appeals Court so suggests that it should in their ruling.  In a plea withdrawal, its not for the de- fendant to present a substantial issue to warrant a new trial or an evidentiary hearing.  If the petitioner has not received a proper defining of the law at his plea hearing,

-6-

his plea becomes invalid because it would be the same affect as if the judge improperly instructed a jury, which would warrant reversal if the improper definition undermines the outcome of the verdict.  In this case that is exactly what happened.

The petitioner meets all the requirements outlined in Henderson.  First, the judge never gave an explanation of the essential elements of first degree murder (specific intent) and second degree murder (malice aforethought) to the petitioner.  A plea may be voluntary either because the accused does not understand the nature of the constitutional protections that he is waving, or because he has such an incomplete understanding of the charge (as was the case here) that his plea cannot be voluntary in this latter sense. See Henderson, 96 S.Ct. at 2257 n. 13.  This was critical because since the judge did not explain to the petitioner the "law" of second degree murder, then the petitioner truly did not know what the law was when he pled guilty to second degree murder.  Under this circumstance, it cannot truly be said that his plea to the unexplained charge of second degree murder was voluntary.

Second, counsel never explained to the petitioner about the element of malice aforethought as being a requirement to establish murder in the second degree even though counsel

-7-

told the court that he explained to the petitioner what the
Commonwealth would need to prove against him to obtain
a conviction on the alleged crimes.  This may have been
an oversight of defense counsel, but, nevertheless, it was
detrimental and a very harmful oversight which cannot
be overlooked by this Court.

Third, the petitioner's admission to the facts of
the case was done solely on the advice of counsel and for
no other reason.  In <u>Henderson</u>, the law states that the
petitioner must state in "<u>his</u>" own words the unexplained
elements of the crime charged.  Here the petitioner did
not do so and was not asked to do so.  In the case at
bar, the petitioner did not admit to "facts which necessarily
constituted the unexplained element."  He never stated
out of his mouth, in his own words, at the plea colloquy,
that he personally shot the victim in a detailed "descriptive"
manner as required by law which would negate the defining
of malice aforethought by the judge.  The petitioner only
agreed to the stipulated facts as recited by the prosecutor
in the traditional "yes" and "no" responses.  This type of
so-called admission  has also been condemned by the state
in <u>Commonwealth</u> v. <u>Begin</u>, 394 Mass. 192, 205, _____ N.E.2d
_____ (1985)("because a guilty plea is an admission of
all the elements of a formal criminal charge, it cannot

-8-

be truly voluntary unless the defendant possesses an under-
standing of the law in relation to the facts")(O'Connor,
J. dissenting).  The petitioner's guilt had not been
established by an admission of guilt because his statement
that he did do the facts that was set forth by the district
attorney did not establish his guilt because his admission
that he committed the detailed crime did not necessarily
admit that he was guilty of murder in the second degree
under Massachusetts law and Federal law, and no intent/
malice nor premeditation/joint venture element was
established by facts stipulated to or admitted in the
record.

     The petitioner, to this very day, still remains
uninformed of the premeditation and joint venture requirement
of the law which is a requirement that is essential of a
knowing, intelligent plea to second degree murder.  In this
case a fundamental miscarriage of justice has occurred.
What this court should also take judicial notice of is
that at the time the petitioner pled guilty he was about
16 or 17 years of age with a limited educational back-
ground. See Exhibit "A."  In the manner in which the plea
colloquy was conducted was, as if, during a jury trial
the judge never instructed the jury on the law.  If this
happened, what would be the end result if the petitioner

-9-

was cpnvicted?  The conviction would be unconstitutional

because the jury would have never been apprised of the

true nature of the charge due to a non-existent definition

of the charge as required by state and federal law.  See

Boykin v. Alabama, 395 U.S. 238 (1969).  Here the judge

never explained the essential elements of premeditated

murder and joint venture at the plea colloquy; nor was

it presented that counsel had "clearly" explained to

the petitioner [t]he elements, and the petitioner was

not informed of the essential elements of premeditated

murder and joint venture, therefore his plea is clearly

a fundamental miscarriage of justice.

Here the petitioner meets all the criterias that

Henderson set forth.  His plea is clearly invalid due to

it not being made knowingly and intelligently in violation

of the principles of Henderson.  This is constitutionally

impermissible.  The petitioner was never actually told

of the true nature of the charge he was facing if he pleaded

guilty by both trial counsel and judge.  And he cannot

admit to facts knowingly when he was never explained the

law to know what he was pleading to.

The Appeals Court ruling sidesteps critical and crucial

aspects of the case.  The ruling is as if the court does

not care about the petitioner's rights based on there being

-10-

a murder.   That is not the function and focus of our judicial

system and should never become an issue here.   The issue

here is a matter of fairness and due process, in which

the petitioner received none.   Just because the petitioner

acknowledged in open court that he believed he was fairly

represented does not cure the impropriety.   The Massachu-

setts Appeals Court decision  is contrary to <u>Henderson</u>

and involves an unreasonable application of <u>Henderson</u>,

which is clearly established federal law as determined

by the Supreme Court. The writ should be granted.

### 1.   The contrary to, or an unreasonable application of, requirement.

This case is governed by the amendment to 28 U.S.C.

§ 2254 (1994 ed., Supp. III), enacted as a part of the

Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA), which provides:

> "(d) An application for a writ of habeas corpus
> on behalf of a person in custody pursuant to the
> judgment of a State court shall not be granted
> with respect to any claim that was adjudicated
> on the merits unless the adjudication of the claim--
>
> "(1) resulted in a decision that was contrary to,
> or involved an unreasonable application of,
> clearly established Federal law, as determined
> by the Supreme Court of the United States....""

"[T]he text is fairly read simply as a command that

a federal court not issue the habeas writ unless the

state court was wrong as a matter of law or unreasonable

-11-

in its application of law in a given case." <u>Williams</u> v.

<u>Taylor</u>, 120 S.Ct. 1495, 1509 (2000).   AEDPA plainly

sought to ensure a level of "'deference to the determinations

of state courts,'" provided those determinations did not

conflict with federal law or apply federal law in an

unreasonable way. Id.

The petitioner's case here meets the criteria set in

<u>Williams</u>, supra.

<u>CONCLUSION</u>

The petitioner contends that his plea was not voluntary

because it was not fully understood by the inadequate

definition by the plea judge and defense counsel. A <u>Henderson</u>

violation has occurred here and the writ should be granted.

Respectfully Submitted,

Jean Carlos Almodovar, Pro se
MCI-Cedar Junction
P.O. Box 100
South Walpole, Ma. 02071

Dated: Aug 00 2004

-12-

## EXHIBIT "A"

### SCHOOL RECORDS OF PETITIONER

# MCI-Cedar Junction School

February 26, 2004

Jean Almodovar
W68354

Dear Mr. Almodovar:

Enclosed are the contents of your education file as you requested

Sincerely,

Daniel Farnkoff
Principal



# MCI CONCORD EDUC. DEPT. STUDENT INFORMATION FORM
## PLEASE PRINT

Date: _7 / 26 / 00_

Name _JEAN CARLOS ALMODOVAR_ I.D.# _____
Last (Capitalize)     First     M.I.

Date of Birth: _1 / 14 / 83_ Age: _17½_

What is your first language ? _ENGLISH_   Race ? _LATIN (PR)_

What was the last grade that you completed ? (circle number below)
1   2   3   4   5   6   7   8   9  (10)  11   12

College Credits:_____ Degree:_____ School:_____
What is the name of the last school you attended?

_PACE ALTORNETIVE_   _N/A_   _W. SPRINGFIELD_ _MASS_
School         Address         City     State

Do you have a **High School Diploma**? YES (NO)   A **GED**? YES (NO)
                       Circle one         Circle one

If you do not have a GED, have you ever taken the GED test? _NO_

Where? _N/A_     When? _N/A_
When you were in school, were you in special education classes? _YES_

What types of jobs have you held? _N/A_
Were you in a D.O.C. school before? _N/A_ Where? _N/A_   When? _N/A_

INMATE'S SIGNATURE _Jean Carlos Almodovar_
-----------------------------------School use only-----------------------

**TABE Level**_____    8/5/2000
**Test Date:**_____    ALMODOVAR, JEAN W68354
           READ: 4.9 MATH: 5.2 LANG: 3.2    **TOTAL**_____

**BEST**
**Test Date:**_____ **ORAL-LEVEL**_____ **/LITERARY LEVEL**____

**Preliminary Placement Recommendation:**
SpEd./Lit. ✓ Pre-GED____ GED____ ESL____ VOC. ED._____

X–19

STUDENT MULTI-REFERENCED REPORT

**MCI-FRAMINGHAM**

ALMODOVAR JEAN Z

TABE 7&8 SURVEY BE
07/27/2000A

|                | GE  | NS |
|----------------|-----|----|
| READING COMP   | 4.9 | 5  |
| MATH COMP      |     |    |
| MATH APPS      | 5.7 | 5  |
| LANGUAGE       | 3.2 | 4  |
| TOTAL MATH     | 5.2 | 5  |
| TOTAL BATTERY  | 4.4 | 4  |
| READING LEVEL  | M7  |    |
| MATH LEVEL     | M7  |    |
| LANG/SPL LEVEL | M7  |    |

**GE=GRADE EQUIV**    NS=NAT'L STANINE

| OBJECTIVE          | RIGHT POSS | % CORRECT STD |
|--------------------|------------|---------------|
| READING COMP       |            |               |
| INTERP.GRAPHICS    | 5/7        | 71            |
| WDS. IN CONTEXT    | 1/3        | 33            |
| RECALL INFORMA.    | 2/3        | 67            |
| CONSTRUCT MEAN.    | 5/7        | 71            |
| EVAL/EX.MEANING    | 2/5        | 40            |
| SUBTEST AVG        |            | 60            |
| MATH COMP          |            |               |
| ADD & SUBTRACT.    | 4/4        | 100           |
| MULTIPLY & DIV.    | 5/6        | 83            |
| DECIM/FRAC/INTE    | 0/5        | 0             |
| SUBTEST AVG        |            | 60            |
| MATH APPS          |            |               |
| NUMERA/NUM THEO    | 2/6        | 33            |
| DATA INTERPRET.    | 2/4        | 50            |
| PRE-ALG/ALGEBRA    | 2/2        | 100           |
| MEASUREMENT        | 3/4        | 75            |
| GEOMETRY           | 2/4        | 50            |
| COMPU CTXT/ESTI    | 4/5        | 80            |
| SUBTEST AVG        |            | 60            |
| LANGUAGE           |            |               |
| USAGE              | 3/6        | 50            |
| SENTENCE FORMA.    | 1/4        | 25            |
| PARAGRAPH DEVEL    | 2/4        | 50            |
| CAP/PUNC/WRTCNV    | 6/11       | 55            |
| SUBTEST AVG        |            | 48            |
| TOTAL AVG          |            | 57            |

## STUDENT TERMINATION REPORT

STUDENT NAME: _Jean Almodovar_          CON W _68354_

COURSE: _ABE_          DATE: _9 / 8 / 00_

STUDENT STATUS: COMPLETED PROGRAM _____ TRANSFERRED _✓_ DROPPED _____

OTHER _____

BEGINNING DATE: _9 / 8 / 00_          END DATE: _9 / 16 / 00_

TOTAL HOURS OF INSTRUCTION: _7.5_

ATTENDANCE RATIO (CLASSES ATTENDED/CLASSES SCHEDULED) _5/5_

BEGINNING SKILL LEVEL: _ABE_

SKILLS ATTAINED (ATTACH BEHAVIORAL OBJECTIVES CHECKLIST): _____

_Vocabulary_
_Begin type Sentence_

NEEDED AREAS OF REVIEW: _Writing, Vocabulary_

TEACHER'S COMMENTS AND RECOMMENDATIONS: _Good Student_

TEACHER'S SIGNATURE

# ABE/LITERACY DEVELOPMENT COMPETENCIES

NAME _Jan Almodovar "Carlos"_    DOB _1/14/83_

INSTRUTION _Conce era_     INSTRUCTOR _Sweeney_

TABE SCORES : READING: _4.9_   MATH _5.2_   LANGUAGE _3.2_   DATE: _9/8/00_

OTHER TEST INFO. _____

| READING COMPETENCIES | Needs Work | Completed | Materials/Comments |
|---|---|---|---|
| **A. Alphabet Skills** | | | |
| 1. Sequential & non-sequential recognition of upper & lower case letter names & sounds. | | ✓ | _Jean Carlos_ |
| 2. Distinguish between vowels & consonants. | | ✓ | _was working in Ch. 5. But just beginning._ |

| **B. Spelling** | | | |
|---|---|---|---|
| 1. Sight Words | | ✓ | |
| 2. Phonic | | ✓ | |
| 3. Syllabication | | ✓ | |

| **C. Grammar** | | | |
|---|---|---|---|
| 1. Begins to use appropriate capitalization (first word,l,etc.) | | | |
| 2. Begins to use appropriate punctuation. | | | |
| 3. Nouns & Pronouns | | | |
|   a. Can properly use singular & plural nouns & pronouns. | | | |
|   b. Can properly use subject & object pronouns. | | | |
| 4. Verbs | | | |
|   a. Conjugates regular verbs | | | |
|   b. Conjugates irregular verbs | | | |
|   c. Conjugates present tense | | | |
|   d. Conjugates past tense | | | |
|   e. Conjugates future tense | | | |
|   f. Demonstrates recognition & use of subject-verb agreement | | | |

| **D. Comprehension Skills** | | | |
|---|---|---|---|
| 1. Demonstrates understanding of main idea by making simple oral & written summaries | | | |
| 2. Uses meaning, phonics, word structure & syntax cues to understanding reading | | | |
| 3. Demonstrates understanding of simple signs, symbols & abbreviations (Tbsp., Dr., etc.) | | | |

|  | Needs Work | Completed | Materials Comments |
|---|---|---|---|
| **D. Comprehension Skills Continued** | | | |
| 4. Can draw inferences | | | |
| 5. Identifies cause & effect relationships | | | |
| 6. Gives & accepts accurate & concise oral directions | | | |
| 7. Increases vocabulary skills | | | |
|    a. Basic use of dictionary | | | |
|    b. Basic geography skills | | | |

**II. WRITING COMPETENCIES**

**A. Letters, Words and Phrases**

|  | | | |
|---|---|---|---|
| 1. Forms upper & lower case manuscript letters | | | |
| 2. Writes survival words & phrases | | | |

**B. Sentences**

|  | | | |
|---|---|---|---|
| 1. Writes a complete sentence | | | |
| 2. Writes at least 3 sentences on a topic | | | |
| 3. Fills out an application or simple form | | | |
| 4. Writes a friendly letter | | | |
| 5. Writes a business letter | | | |

**III. MATH COMPETENCIES**

|  | | | |
|---|---|---|---|
| 1. Understands & uses a number line | | | |
| 2. Reads & writes numerals to thousands | | | |
| 3. Counts to a hundred | | | |
| 4. Tells time using a face clock not digital | | | |
| 5. Orders & compares whole numbers | | | |
| 6. Addition | | | |
|    a. Place value to thousands | | | |
|    b. Without carrying | | | |
|    c. With carrying | | | |
| 7. Subtraction | | | |
|    a. Without borrowing | | | |
|    b. With borrowing | | | |
|    c. With zeroes | | | |

| MATH COMPETENCIES CONTINUED | Needs Work | Completed | Materials/Comments |
|---|---|---|---|
| 8. Multiplication | | | |
|   a. Without carrying | | | |
|   b. With carrying | | | |
|   c. Multiple digit numbers | | | |
| 9. Division | | | |
|   a. Simple | | | |
|   b. Long division | | | |
|   c. One digit | | | |
|   d. Two digits | | | |
| 10. Identifies operations required to solve a variety of whole number word problems | | | |
| 11. Solves a variety of application problems using whole numbers | | | |
| 12. Estimates answers to whole number computation & application problems | | | |
| 13. Measurement skills | | | |
|   a. Can read a ruler | | | |
|   b. Knows measurement of weight | | | |
|   c. Knows measurement of length | | | |
|   d. Knows measurement of liquid | | | |
|   e. Knows measurement of time | | | |
| 14. Money Management | | | |
|   a. Identifies names & values of currency | | | |
|   b. Counts currency & makes change | | | |
|   c. Checks writing ability | | | |
|   d. Makes simple budget | | | |

Upon completion of the preceeding competencies, the student will be considered functioning up to a 4.9 Grade Equivalent.

# ABE COMPETENCIES 0-5.9

NAME _Jean Almodovar_      DOB _1-14-1983_

INSTITUTION _MCI- Cedar Junction_     INSTRUCTOR _Scott Lawrence_

TABE SCORES : READING: _4.9_ MATH _5.2_ LANGUAGE _3.2_ DATE: _____

OTHER TEST INFO. _____

| READING COMPETENCIES<br>A. Alphabet Skills | Needs Work | Competed | Materials/Comments |
|---|---|---|---|
| 1. Sequential & non-sequential recognition of upper & lower case letter names & sounds. | | | |
| 2. Distinguish between vowels & consonants. | | | |

| B. Spelling | | | |
|---|---|---|---|
| 1. Sight Words | | | |
| 2. Phonic | | | |
| 3. Syllabication | | | |

| C. Grammar | | | |
|---|---|---|---|
| 1. Begins to use appropriate capitalization (first word,I,etc.) | ✓ | | |
| 2. Begins to use appropriate punctuation. | ✓ | | |
| 3. Nouns & Pronouns | | | |
| a. Can properly use singular & plural nouns & pronouns. | ✓ | | |
| b. Can properly use subject & object pronouns. | | | |
| 4. Verbs | | | |
| a. Conjugates regular verbs | ✓ | | |
| b. Conjugates irregular verbs | | | |
| c. Conjugates present tense | | | |
| d. Conjugates past tense | | | |
| e. Conjugates future tense | | | |
| f. Demonstrates recognition & use of subject-verb agreement | | | |

| D. Comprehension Skills | | | |
|---|---|---|---|
| 1. Demonstrates understanding of main idea by making simple oral & written summaries | ✓ | | |
| 2. Uses meaning, phonics, word structure & syntax cues to understanding reading | ✓ | | |
| 3. Demonstrates understanding of simple signs, symbols & abbreviations (Tbsp., Dr., etc.) | ✓ | | |

| MATH COMPETENCIES CONTINUED | Needs Work | Completed | Material/Comments |
|---|---|---|---|
| **8. Multiplication** | | | |
|   a. Without carrying | ✓ | | |
|   b. With carrying | | | |
|   c. Multiple digit numbers | | | |
| **9. Division** | | | |
|   a. Simple | ✓ | | |
|   b. Long division | | | |
|   c. One digit | | | |
|   d. Two digits | | | |
| **10. Identifies operations required to solve a variety of whole number word problems** | ✓ | | |
| **11. Solves a variety of application problems using whole numbers** | ✓ | | |
| **12. Estimates answers to whole number computation & application problems** | ✓ | | |
| **13. Measurement skills** | | | |
|   a. Can read a ruler | | | |
|   b. Knows measurement of weight | | | |
|   c. Knows measurement of length | | | |
|   d. Knows measurement of liquid | | | |
|   e. Knows measurement of time | | | |
| **14. Money Management** | | | |
|   a. Identifies names & values of currency | | | |
|   b. Counts currency & makes change | | | |
|   c. Checks writing ability | | | |
|   d. Makes simple budget | | | |

Upon completion of the preceeding competencies, the student will be considered functioning up to a **4.9 Grade Equivalent.**

## PROGRESS REPORT

Student Name:      Jean Almodovar

ID:                W68354

Date:              May 6, 2002

| SUBJECT | GRADE |
|---|---|

**WORKPLACE ESSENTIAL SKILLS**
*A Process for Writing*                                     B
   Becoming an Effective Writer
   Understanding Workplace Writing
   Using Appropriate Language
*Supplying Information: Directions, Forms, and Charts*      B
   Writing Down Information
   Working with Forms
   Using Charts Effectively
*Writing Memos and Letters*                                 C
   Planning Written Communication
   Organizing and Writing First Drafts
   Writing and Distributing Final Drafts

ANOTHER PAGE
   Reading For Facts                                   C
   Finding the Main Idea                               C

*WRITING*
   Creative Paragraph                                  INC

READING AND STUDY SKILLS
   *Where I'm Calling From & To Build a Fire*          C
   *Why We Can't Wait*                                 A
   *Freedom March*                                     A
   Word Origins                                        INC
   Vowel-Consonant Combinations                        A
   Syllables                                           C

*ARITHMETIC*
   Decimals                                            INC

*Rick Laurence, Teacher, Cedar Junction*

*PROGRESS REPORT*

| | |
|---|---|
| Student Name: | Jean Almodovar |
| ID: | W68354 |
| Date: | April 2, 2002 |

SUBJECT                                                          GRADE

*WORKPLACE ESSENTIAL SKILLS*
*The Language of Work*                                            INC
   Speaking and Listening
   Identifying Nonverbal Communication
   Developing Effective Communication Skills
*Communicating with Co-Workers and Supervisors*                   B
   Communicating Effectively with Co-Workers
   Communicating with Supervisors
   Resolving Conflicts with Co-Workers and Supervisors
*Working Together*                                                B
   Developing Teamwork Skills
   Participating on a Work Team
   Being Part of an Effective Team
*Communicating with Customers*                                    INC
   Understanding the Importance of Customer Satisfaction
   Providing for Customers' Needs
   Working with Difficult Customers

*WRITING*
   Verb Tense                                               C
   Adverbs                                                 INC
   Prepositions                                            INC

*READING AND STUDY SKILLS*
   Main Idea                                                C
   Reading Comprehension                                    B
   Prefixes and Suffixes                                    B

*ARITHMETIC*
   Fractions                                                C
   Roman Numerals                                           C

*Rick Laurence, Teacher, Cedar Junction*

## *PROGRESS REPORT*

Student Name:    Jean Almodovar

ID:    W68354

Date:    March 4, 2002

| SUBJECT | GRADE |
|---|---|
| | |

*WORKPLACE ESSENTIAL SKILLS*

*<u>Interviewing</u>*    B
  Exploring the Interview Process
  Preparing for an Interview
  Interviewing and Follow-up

*<u>Ready for Work</u>*    C
  Understanding Work Expectations
  The Meaning of "Work Ready"
  Working as a New Hire

*<u>Workplace Safety</u>*    D
  Understanding Safety Issues
  Recognizing Safety Issues
  Protecting Yourself and Your Co-Workers

*<u>Learning at Work</u>*    A
  Learning on the Job
  Taking Charge of Your Training
  Long Term Training

*WRITING*
  Pronouns    C
  Adjectives    INC
  Verbs    INC

*READING AND STUDY SKILLS*
  Fact and Opinion    INC
  Main Idea    C

*ARITHMETIC*
  Division    INC
  Fractions    D

*Rick Laurence, Teacher, Cedar Junction*

*PROGRESS REPORT*

Student Name:     Jean Almodovar

ID:                        W68354

Date:                     February 4, 2002

| SUBJECT | GRADE |
|---------|-------|

*WORKPLACE ESSENTIAL SKILLS*
*Planning to Work*                                              B
Thinking About Work
Making a Career Plan
Researching Jobs and Careers
*Matching Jobs and Skills*                                    B
Assessing Your Employability
Finding Job Leads
Making the Job Search Your Job
*Applying for Jobs*                                              INC
Figuring Out the Application Process
Learning How Employers Screen Job Seekers
Completing Job Application Forms
*Resumes, Tests, and Choices*                            B
Understanding the Purpose of Resumes
Deciding Which Job Openings to Pursue
Comparing job Opportunities


*WRITING*
Compound Subjects and Verbs                           INC
Simple and Compound Sentences                        A
Classifying Sentences by Purpose                       C
Nouns and Proper Nouns                                    D


*STUDY SKILLS*
Pronunciation of Words                                      INC
Word Meaning Through Context                          C
Synonyms and Antonyms                                    C
Prefixes and Suffixes                                         B


*ARITHMETIC*
Multiplication of Larger Numbers                       C
Basic Division                                                    B

*Rick Laurence, Teacher, Cedar Junction*

# PROGRESS REPORT

Student Name:     Jean Almodovar

ID:               W68354

Date:             January 2, 2002

| SUBJECT | GRADE |
|---|---|
| **READING** | |
| Finding the Main Idea | D |
| Making Inferences | C |
| Literature | C |
| Using Sources of Information | C |
| Understanding Forms | D |
| | |
| **WRITING** | |
| Combine Sentences | C |
| Correcting Rambling Sentences | C |
| Revising Paragraphs | INC |
| Identifying Subjects | D |
| Identifying Predicates | INC |
| | |
| **STUDY SKILLS** | |
| Dictionary Use | D |
| Spelling and Syllabication | INC |
| | |
| **ARITHMETIC** | |
| Addition | A |
| Subtraction | B |
| Multiplication | B |

*Rick Laurence, Teacher, Cedar Junction*

<u>EXHIBIT "B"</u>

**NOTICE OF ENTRY OF APPLICATION FOR FURTHER APPELLATE REVIEW**

**NOTICE OF DENIAL OF F.A.R. APPLICATION**

## Supreme Judicial Court for the Commonwealth of Massachusetts
### One Beacon Street, Third Floor, Boston, Massachusetts 02108
### (617) 557-1020


Jean Carlos Almodovar
MCI - Cedar Junction     (W-68354)
P.O. Box 100
S. Walpole, MA 02071


RE:  **No. FAR-14129**

    **COMMONWEALTH**
        **vs.**
    **JEAN CARLOS ALMODOVAR**

    Hampden Superior Court No. HDCR1999-02665
    Appeals Court No. 2003-P-0490


    **NOTICE OF ENTRY OF APPLICATION FOR FURTHER APPELLATE REVIEW**


    On May 19, 2004, the following application for further appellate review was filed in the above-referenced case:  FAR APPLICATION of Jean Carlos Almodovar, filed Pro se.

    Please note that any opposition to this application must be received for filing in this office on or before June 1, 2004, and must refer to the above-noted FAR docket number.

    Thank you.

                        Susan Mellen, Clerk

Dated: May 20, 2004

To:  Jane Davidson Montori, A.D.A.
     Jean Carlos Almodovar

# Supreme Judicial Court for the Commonwealth of Massachusetts
### One Beacon Street, Third Floor, Boston, Massachusetts 02108
### (617) 557-1020


Jean Carlos Almodovar
MCI - Cedar Junction    (W-68354)
P.O. Box 100
S. Walpole, MA 02071


RE:  Docket No. FAR-14129

**COMMONWEALTH**
**vs.**
**JEAN CARLOS ALMODOVAR**


Hampden Superior Court No. HDCR1999-02665
A.C. No. 2003-P-0490


NOTICE OF DENIAL OF F.A.R. APPLICATION


Please take note that on 06/30/04, the above-
captioned Application for Further Appellate Review was denied.

Susan Mellen, Clerk

Dated: June 30, 2004

To:  Jane Davidson Montori, A.D.A.
     Jean Carlos Almodovar

**EXHIBIT "C"**

**DECISION OF MASSACHUSETTS APPEALS COURT**

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

03-P-490

COMMONWEALTH

vs.

JEAN CARLOS ALMODOVAR.

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

Indicted for the murder of Alexander Rosa, the defendant
Jean Almodovar pleaded guilty to so much of the indictment as
charged murder in the second degree.  He also pleaded guilty to
indictments charging unlawful possession of ammunition and
unlawful possession of a firearm.  The indictments stemmed from
an incident in Holyoke, where, according to the statement read by
the prosecutor at the plea hearing, "Almodovar and [his uncle]
hunted down the victim for ratting on [the uncle's] brother.
They approached the victim on Southbridge Street in Holyoke.  As
the victim attempted to flee, the uncle pulled a .38 caliber
revolver and fired four shots into the victim's back, causing him
to drop to the ground.  Almodovar then shot [the victim] with a
sawed-off shotgun."

Some two years after the plea, Almodovar, acting pro se,
filed a motion for a new trial, claiming defects in the plea
colloquy and ineffective assistance of counsel.  The motion
judge, who was also the plea judge, denied the motion without a