UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action
No.

Jean Carlos Almodovar,

    Petitioner,

v.

David Nolan,

    Respondent.


MEMORANDUM OF LAW IN SUPPORT OF PETITION
FOR WRIT OF HABEAS CORPUS PURSUANT TO
28 U.S.C. § 2254

## I. STANDARD OF REVIEW

The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without legal interference from federal judiciary. Rose v. Lundy, 455 U.S. 509,515 (1982). Under standards established by the courts, a state prisoner may initiate a federal habeas petition "[o]nly if the state court has had the first opportunity to hear the claims sought to be vindicated. . ." Picard v. Connor, 404 U.S. 270,276 (1971). "It follows, of course, that once the federal claim has been fairly presented to the state court, the exhaustion requirement is satisfied." Id. at 276, quoting from Vasquez v. Hillery, 106 S.Ct. 617,620 (1986).

## II. STATEMENT OF THE CASE

On December 8, 1999, the petitioner was indicted by

a grand jury sitting in Hampden County on indictment nos.
02665 (first degree murder); 02666 (possession of ammunition);
and 02667 (carrying a firearm without a license).

Petitioner was arraigned in Hampden Superior Court on
December 17, 1999, and he pled guilty to the lesser offense
of murder in the second degree.

In December, 2002, the petitioner filed a motion for
new trial which was denied by the trial judge. He timely
appealed to the Massachusetts Appeals Court. His appeal
was denied. He filed an application for Further Appellate
Review was denied on June 6, 2004. He now petitions
this court for a writ of habeas corpus pursuant to 28 U.S.C.
§ 2254.

## III.  STATEMENT OF THE FACTS

On October 26, 1999, about 11:30 p.m., Holyoke Police
Officers responded to the area in front of 605 Southbridge
Street, where they found Alexander Rosa on the sidewalk
suffering from multiple gunshot wounds, near death. An
autopsy was performed by Doctor Mendrick on October 27,
1999, who determined the victim had received four gunshot
wounds by a .38 caliber gun and a round of pellets was
retrieved from his lower side.

Investigating officers learned about Edgar Laboy and
located him at his apartment on High Street on the evening
of October 27, 1999. After initial reluctance, Laboy

-2-

accompanied the police to the police station where he gave
a full statement regarding Mr. Rosa's death.  Laboy informed
the police that Mr. Rosa and he had gone to Southbridge
Street to break into a car from which they hoped to steal
items from in order to sell; and they were in the process
of taking items from this White Chevy Celebrity that was
parked on Southbridge Street in front of #605, when they
were approached by four young men.  The Commonwealth
asserted that Laboy would have testified that one of
the young men approached the victim, by the name of Chipa,
and said that this was the guy that ratted on my brother.
Mr. Laboy would have testified that the second assailant,
unknown to Laboy, then approached, swung at the victim
with something.  The first assailant then pulled out a gun
and shot the victim four times as he attempted to run.
At which time, the second assailant then shot the victim
with a shot from a sawed-off shotgun.  Mr. Rosa knew the
first assailant as Chipa, and the police showed the gang
mugshot books to Mr. Laboy.  Mr. Laboy identified Mr.
Kelvin Gutierrez as being the person named Chipa.  <u>The
Commonwealth concedes that Laboy did not know the
second assailant carrying the sawed-off shotgun.</u>

Investigating officers learned that Mr. Gutierrez
was often in the company of the defendant, whi was known
as his nephew and went by the street name Gadget.  Mr.
Laboy was relocated to Florida, and once the connection
of the two defendants was determined, Trooper John Murphy

assembled a photo array and sent them to the Florida Police Department where he enlisted the services of Corporal Howard of that Department. Mr. Howard showed the array of photos to Laboy and Laboy identified the defendant, Almodovar, as the second assailant.

The Commonwealth intended to produce Mr. Jose Velez, who it is alleged that Almodovar knew as Sellie or Sellie-man. Mr. Velez would have testified that on the evening of the shooting, he was at #398 Main Street on the second floor, when both defendants came to the location. Mr. Gutierrez told Velez that he had allegedly shot somebody. Mr. Almodovar was with him, and that he allegedly saw both defendants stash guns on the fourth floor of that apartment --- Mr. Gutierrez had a handgun and the defendant had a sawed-off shotgun. Mr. Velez subsequently took both defendants to the Connecticut River the following day, where the two defendants allegedly tossed the guns into the Connecticut River. The Commonwealth concedes that an extensive search of the river in question was done and no guns were recovered. The Commonwealth intended to prove the relationship between the two defendants. See Plea Transcripts at pp. 21-24.

IV. **ARGUMENTS**

-4-

his plea becomes invalid because it would be the same affect
as if the judge improperly instructed a jury, which would
warrant reversal if the improper definition undermines
the outcome of the verdict.  In this case that is exactly
what happened.

The petitioner meets all the requirements outlined in
Henderson.  First, the judge never gave an explanation of
the essential elements of first degree murder (specific
intent) and second degree murder (malice aforethought) to
the petitioner.  A plea may be voluntary either because
the accused does not understand the nature of the constitu-
tional protections that he is waving, or because he has
such an incomplete understanding of the charge (as was
the case here) that his plea cannot be voluntary in this
latter sense. See Henderson, 96 S.Ct. at 2257 n. 13.  This
was critical because since the judge did not explain to the
petitioner the "law" of second degree murder, then the
petitioner truly did not know what the law was when he
pled guilty to second degree murder.  Under this circum-
stance, it cannot truly be said that his plea to the un-
explained charge of second degree murder was voluntary.

Second, counsel never explained to the petitioner about
the element of malice aforethought as being a requirement
to establish murder in the second degree even though counsel

-7-

told the court that he explained to the petitioner what the Commonwealth would need to prove against him to obtain a conviction on the alleged crimes.  This may have been an oversight of defense counsel, but, nevertheless, it was detrimental and a very harmful oversight which cannot be overlooked by this Court.

Third, the petitioner's admission to the facts of the case was done solely on the advice of counsel and for no other reason.  In Henderson, the law states that the petitioner must state in "his" own words the unexplained elements of the crime charged.  Here the petitioner did not do so and was not asked to do so.  In the case at bar, the petitioner did not admit to "facts which necessarily constituted the unexplained element."  He never stated out of his mouth, in his own words, at the plea colloquy, that he personally shot the victim in a detailed "descriptive" manner as required by law which would negate the defining of malice aforethought by the judge.  The petitioner only agreed to the stipulated facts as recited by the prosecutor in the traditional "yes" and "no" responses.  This type of so-called admission  has also been condemned by the state in Commonwealth v. Begin, 394 Mass. 192, 205, _____N.E.2d _____ (1985)("because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot

-8-

be truly voluntary unless the defendant possesses an under-
standing of the law in relation to the facts")(O'Connor,
J. dissenting). The petitioner's guilt had not been
established by an admission of guilt because his statement
that he did do the facts that was set forth by the district
attorney did not establish his guilt because his admission
that he committed the detailed crime did not necessarily
admit that he was guilty of murder in the second degree
under Massachusetts law and Federal law, and no intent/
malice nor premeditation/joint venture element was
established by facts stipulated to or admitted in the
record.

The petitioner, to this very day, still remains
uninformed of the premeditation and joint venture requirement
of the law which is a requirement that is essential of a
knowing, intelligent plea to second degree murder. In this
case a fundamental miscarriage of justice has occurred.
What this court should also take judicial notice of is
that at the time the petitioner pled guilty he was about
16 or 17 years of age with a limited educational back-
ground. See Exhibit "A." In the manner in which the plea
colloquy was conducted was, as if, during a jury trial
the judge never instructed the jury on the law. If this
happened, what would be the end result if the petitioner

-9-

was cpnvicted?  The conviction would be unconstitutional because the jury would have never been apprised of the true nature of the charge due to a non-existent definition of the charge as required by state and federal law. See Boykin v. Alabama, 395 U.S. 238 (1969).  Here the judge never explained the essential elements of premeditated murder and joint venture at the plea colloquy; nor was it presented that counsel had "clearly" explained to the petitioner [t]he elements, and the petitioner was not informed of the essential elements of premeditated murder and joint venture, therefore his plea is clearly a fundamental miscarriage of justice.

Here the petitioner meets all the criterias that Henderson set forth.  His plea is clearly invalid due to it not being made knowingly and intelligently in violation of the principles of Henderson.  This is constitutionally impermissible.  The petitioner was never actually told of the true nature of the charge he was facing if he pleaded guilty by both trial counsel and judge.  And he cannot admit to facts knowingly when he was never explained the law to know what he was pleading to.

The Appeals Court ruling sidesteps critical and crucial aspects of the case.  The ruling is as if the court does not care about the petitioner's rights based on there being

-10-

a murder. That is not the function and focus of our judicial system and should never become an issue here. The issue here is a matter of fairness and due process, in which the petitioner received none. Just because the petitioner acknowledged in open court that he believed he was fairly represented does not cure the impropriety. The Massachusetts Appeals Court decision is contrary to <u>Henderson</u> and involves an unreasonable application of <u>Henderson</u>, which is clearly established federal law as determined by the Supreme Court. The writ should be granted.

    1.   **<u>The contrary to, or an unreasonable</u>**
               **<u>application of, requirement.</u>**

This case is governed by the amendment to 28 U.S.C. § 2254 (1994 ed., Supp. III), enacted as a part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides:

> "(d) An application for a writ of habeas corpus
> on behalf of a person in custody pursuant to the
> judgment of a State court shall not be granted
> with respect to any claim that was adjudicated
> on the merits unless the adjudication of the claim--
>
> "(1) resulted in a decision that was contrary to,
> or involved an unreasonable application of,
> clearly established Federal law, as determined
> by the Supreme Court of the United States...."

"[T]he text is fairly read simply as a command that a federal court not issue the habeas writ unless the state court was wrong as a matter of law or unreasonable

in its application of law in a given case." <u>Williams</u> v.

<u>Taylor</u>, 120 S.Ct. 1495, 1509 (2000). AEDPA plainly

sought to ensure a level of "'deference to the determinations

of state courts,'" provided those determinations did not

conflict with federal law or apply federal law in an

unreasonable way. Id.

The petitioner's case here meets the criteria set in

<u>Williams</u>, supra.

## CONCLUSION

The petitioner contends that his plea was not voluntary

because it was not fully understood by the inadequate

definition by the plea judge and defense counsel. A <u>Henderson</u>

violation has occurred here and the writ should be granted.

Respectfully Submitted,

Jean Carlos Almodovar, Pro se
MCI-Cedar Junction
P.O. Box 100
South Walpole, Ma. 02071

Dated: Aug. 20. 2004

-12-

## EXHIBIT "A"

SCHOOL RECORDS OF PETITIONER

# MCI-Cedar Junction School

February 26, 2004

Jean Almodovar
W68354

Dear Mr. Almodovar:

Enclosed are the contents of your education file as you requested

Sincerely,

Daniel Farnkoff
Principal

# MCI CONCORD EDUC. DEPT. STUDENT INFORMATION FORM
## PLEASE PRINT

Date: 2/26/00

Name JEAN CARLOS ALMODOVAR I.D.*_____
     Last (Capitalize)     First     M.I.

Date of Birth: 1 / 14 / 83 Age: 17½

What is your first language ? English     Race ? LATIN (PR)

What was the last grade that you completed ? (circle number below)
1   2   3   4   5   6   7   8   9 (10) 11   12

College Credits:_____ Degree:_____ School:_____
What is the name of the last school you attended?

PAGE ATORNETIVE N/A     W. Springfield Mass
School                    Address        City        State

Do you have a **High School Diploma?** YES (NO)   A GED? YES (NO)
                                       Circle one              Circle one
If you do not have a GED, have you ever taken the GED test? NO

Where?     N/A          When?   N/A
When you were in school, were you in special education classes?   YES

What types of jobs have you held?   N/A
Were you in a D.O.C. school before? N/A Where? N/A     When? N/A

INMATE'S SIGNATURE   Jean Carlos Almodovar

------------------------School use only------------------------

TABE Level_____     8/5/2000
 Test Date:_____    ALMODOVAR, JEAN W68354
                     READ: 4.9 MATH: 5.2 LANG: 3.2     ___TOTAL_____

BEST
Test Date:_____ORAL-LEVEL_____/LITERARY LEVEL_____

Preliminary Placement Recommendation:
SpEd./Lit. ✓ Pre-GED____ GED____ ESL____ VOC. ED._____

X–19

STUDENT MULTI-REFERENCED REPORT

MCI-FRAMINGHAM

TABE 7&8 SURVEY BE
07/27/2000A

ALMODOVAR JEAN Z

|               | GE  | NS |
|---------------|-----|----|
| READING COMP  | 4.9 | 5  |
| MATH COMP     |     |    |
| MATH APPS     | 5.7 | 5  |
| LANGUAGE      | 3.2 | 4  |
| TOTAL MATH    | 5.2 | 5  |
| TOTAL BATTERY | 4.4 | 4  |
| READING LEVEL | M7  |    |
| MATH LEVEL    | M7  |    |
| LANG/SPL LEVEL| M7  |    |

GE=GRADE EQUIV      NS=NAT'L STANINE

| OBJECTIVE | RIGHT POSS | % CORRECT STD |
|-----------|-----------|---------------|
| **READING COMP** | | |
| INTERP.GRAPHICS | 5/7 | 71 |
| WDS. IN CONTEXT | 1/3 | 33 |
| RECALL INFORMA. | 2/3 | 67 |
| CONSTRUCT MEAN. | 5/7 | 71 |
| EVAL/EX.MEANING | 2/5 | 40 |
| SUBTEST AVG | | 60 |
| **MATH COMP** | | |
| ADD & SUBTRACT. | 4/4 | 100 |
| MULTIPLY & DIV. | 5/6 | 83 |
| DECIM/FRAC/INTE | 0/5 | 0 |
| SUBTEST AVG | | 60 |
| **MATH APPS** | | |
| NUMERA/NUM THEO | 2/6 | 33 |
| DATA INTERPRET. | 2/4 | 50 |
| PRE-ALG/ALGEBRA | 2/2 | 100 |
| MEASUREMENT | 3/4 | 75 |
| GEOMETRY | 2/4 | 50 |
| COMPU CTXT/ESTI | 4/5 | 80 |
| SUBTEST AVG | | 60 |
| **LANGUAGE** | | |
| USAGE | 3/6 | 50 |
| SENTENCE FORMA. | 1/4 | 25 |
| PARAGRAPH DEVEL | 2/4 | 50 |
| CAP/PUNC/WRTCNV | 6/11 | 55 |
| SUBTEST AVG | | 48 |
| **TOTAL AVG** | | 57 |

STUDENT TERMINATION REPORT

STUDENT NAME: _Jean Almodovar_____    CON ___W068354___

COURSE: _____ABE_____    DATE: _9_/_8_/_00_

STUDENT STATUS:   COMPLETED PROGRAM _____    TRANSFERRED _✓__    DROPPED _____

OTHER _____

BEGINNING DATE: _9_/_8_/_00_    END DATE: _9_/_16_/_00_

TOTAL HOURS OF INSTRUCTION: ___7.5___

ATTENDANCE RATIO (CLASSES ATTENDED/CLASSES SCHEDULED) _5/5___

BEGINNING SKILL LEVEL: _ABE_____

SKILLS ATTAINED (ATTACH BEHAVIORAL OBJECTIVES CHECKLIST): _____

Vocabulary

Begin type Sentence

NEEDED AREAS OF REVIEW: _Writing, Vocabulary___

TEACHER'S COMMENTS AND RECOMMENDATIONS: _Good Student___

_____
TEACHER'S SIGNATURE

# ABE/LITERACY DEVELOPMENT COMPETENCIES

NAME _Juan Almodovar "Carlos"_     DOB _1/14/83_

INSTRUCTION _One ERA_     INSTRUCTOR _Sweeney_

TABE SCORES : READING: _4.9_   MATH _5.2_   LANGUAGE _3.2_   DATE: _9/18/00_

OTHER TEST INFO. _____

| READING COMPETENCIES | Needs Work | Completed | Materials/Comments |
|---|---|---|---|
| **A. Alphabet Skills** | | | |
| 1. Sequential & non-sequential recognition of upper & lower case letter names & sounds. | | ✓ | Jean Carlos was working in Ch. 5. But just beginning. |
| 2. Distinguish between vowels & consonants. | | ✓ | |
| **B. Spelling** | | | |
| 1. Sight Words | | ✓ | |
| 2. Phonic | | ✓ | |
| 3. Syllabication | | ✓ | |
| **C. Grammar** | | | |
| 1. Begins to use appropriate capitalization (first word, I, etc.) | | | |
| 2. Begins to use appropriate punctuation. | | | |
| 3. Nouns & Pronouns | | | |
|    a. Can properly use singular & plural nouns & pronouns. | | | |
|    b. Can properly use subject & object pronouns. | | | |
| 4. Verbs | | | |
|    a. Conjugates regular verbs | | | |
|    b. Conjugates irregular verbs | | | |
|    c. Conjugates present tense | | | |
|    d. Conjugates past tense | | | |
|    e. Conjugates future tense | | | |
|    f. Demonstrates recognition & use of subject-verb agreement | | | |
| **D. Comprehension Skills** | | | |
| 1. Demonstrates understanding of main idea by making simple oral & written summaries | | | |
| 2. Uses meaning, phonics, word structure & syntax cues to understanding reading | | | |
| 3. Demonstrates understanding of simple signs, symbols & abbreviations (Tbsp., Dr., etc.) | | | |

| | Needs Work | Completed | Materials/Comments |
|---|---|---|---|
| **D. Comprehension Skills Continued** | | | |
| 4. Can draw inferences | | | |
| 5. Identifies cause & effect relationships | | | |
| 6. Gives & accepts accurate & concise oral directions | | | |
| 7. Increases vocabulary skills | | | |
|    a. Basic use of dictionary | | | |
|    b. Basic geography skills | | | |

| **II. WRITING COMPETENCIES** | | | |
|---|---|---|---|
| **A. Letters, Words and Phrases** | | | |
| 1. Forms upper & lower case manuscript letters | | | |
| 2. Writes survival words & phrases | | | |

| **B. Sentences** | | | |
|---|---|---|---|
| 1. Writes a complete sentence | | | |
| 2. Writes at least 3 sentences on a topic | | | |
| 3. Fills out an application or simple form | | | |
| 4. Writes a friendly letter | | | |
| 5. Writes a business letter | | | |

| **III. MATH COMPETENCIES** | | | |
|---|---|---|---|
| 1. Understands & uses a number line | | | |
| 2. Reads & writes numerals to thousands | | | |
| 3. Counts to a hundred | | | |
| 4. Tells time using a face clock not digital | | | |
| 5. Orders & compares whole numbers | | | |
| 6. Addition | | | |
|    a. Place value to thousands | | | |
|    b. Without carrying | | | |
|    c. With carrying | | | |
| 7. Subtraction | | | |
|    a. Without borrowing | | | |
|    b. With borrowing | | | |
|    c. With zeroes | | | |

| MATH COMPETENCIES CONTINUED | Needs Work | Completed | Materials/Comments |
|---|---|---|---|
| 8. Multiplication | | | |
|    a. Without carrying | | | |
|    b. With carrying | | | |
|    c. Multiple digit numbers | | | |
| 9. Division | | | |
|    a. Simple | | | |
|    b. Long division | | | |
|    c. One digit | | | |
|    d. Two digits | | | |
| 10. Identifies operations required to solve a variety of whole number word problems | | | |
| 11. Solves a variety of application problems using whole numbers | | | |
| 12. Estimates answers to whole number computation & application problems | | | |
| 13. Measurement skills | | | |
|    a. Can read a ruler | | | |
|    b. Knows measurement of weight | | | |
|    c. Knows measurement of length | | | |
|    d. Knows measurement of liquid | | | |
|    e. Knows measurement of time | | | |
| 14. Money Management | | | |
|    a. Identifies names & values of currency | | | |
|    b. Counts currency & makes change | | | |
|    c. Checks writing ability | | | |
|    d. Makes simple budget | | | |

Upon completion of the preceeding competencies, the student will be considered functioning up to a 4.9 Grade Equivalent.

**ABE COMPETENCIES 0-5.9**

NAME _Jean Almodovar_ DOB _1-14-1983_

INSTITUTION _MCI- Cedar Junction_ INSTRUCTOR _Rick Lawrence_

TABE SCORES : READING: _4.9_ MATH _5.2_ LANGUAGE _3.2_ DATE: _____

OTHER TEST INFO. _____

| READING COMPETENCIES | Needs Work | Completed | Materials/Comments |
|---|---|---|---|
| **A. Alphabet Skills** | | | |
| 1. Sequential & non-sequential recognition of upper & lower case letter names & sounds. | | | |
| 2. Distinguish between vowels & consonants. | | | |

| B. Spelling | | | |
|---|---|---|---|
| 1. Sight Words | | | |
| 2. Phonic | | | |
| 3. Syllabication | | | |

| C. Grammar | | | |
|---|---|---|---|
| 1. Begins to use appropriate capitalization (first word,I,etc.) | ✓ | | |
| 2. Begins to use appropriate punctuation. | ✓ | | |
| 3. Nouns & Pronouns | | | |
|   a. Can properly use singular & plural nouns & pronouns. | ✓ | | |
|   b. Can properly use subject & object pronouns. | | | |
| 4. Verbs | | | |
|   a. Conjugates regular verbs | ✓ | | |
|   b. Conjugates irregular verbs | | | |
|   c. Conjugates present tense | | | |
|   d. Conjugates past tense | | | |
|   e. Conjugates future tense | | | |
|   f. Demonstrates recognition & use of subject-verb agreement | | | |

| D. Comprehension Skills | | | |
|---|---|---|---|
| 1. Demonstrates understanding of main idea by making simple oral & written summaries | ✓ | | |
| 2. Uses meaning, phonics, word structure & syntax cues to understanding reading | ✓ | | |
| 3. Demonstrates understanding of simple signs, symbols & abbreviations (Tbsp., Dr., etc.) | ✓ | | |

| MATH COMPETENCIES CONTINUED | Needs Work | Completed | Materials/Comments |
|---|---|---|---|
| **8. Multiplication** | | | |
| a. Without carrying | ✓ | | |
| b. With carrying | | | |
| c. Multiple digit numbers | | | |
| **9. Division** | | | |
| a. Simple | ✓ | | |
| b. Long division | | | |
| c. One digit | | | |
| d. Two digits | | | |
| **10. Identifies operations required to solve a variety of whole number word problems** | ✓ | | |
| **11. Solves a variety of application problems using whole numbers** | ✓ | | |
| **12. Estimates answers to whole number computation & application problems** | ✓ | | |
| **13. Measurement skills** | | | |
| a. Can read a ruler | | | |
| b. Knows measurement of weight | | | |
| c. Knows measurement of length | | | |
| d. Knows measurement of liquid | | | |
| e. Knows measurement of time | | | |
| **14. Money Management** | | | |
| a. Identifies names & values of currency | | | |
| b. Counts currency & makes change | | | |
| c. Checks writing ability | | | |
| d. Makes simple budget | | | |

Upon completion of the preceeding competencies, the student will be considered functioning up to a 4.9 Grade Equivalent.

## PROGRESS REPORT

Student Name:     Jean Almodovar

ID:               W68354

Date:             May 6, 2002

| SUBJECT | GRADE |
|---|---|
| **WORKPLACE ESSENTIAL SKILLS** | |
| *A Process for Writing* | B |
|    Becoming an Effective Writer | |
|    Understanding Workplace Writing | |
|    Using Appropriate Language | |
| *Supplying Information: Directions, Forms, and Charts* | B |
|    Writing Down Information | |
|    Working with Forms | |
|    Using Charts Effectively | |
| *Writing Memos and Letters* | C |
|    Planning Written Communication | |
|    Organizing and Writing First Drafts | |
|    Writing and Distributing Final Drafts | |
| | |
| **ANOTHER PAGE** | |
|    Reading For Facts | C |
|    Finding the Main Idea | C |
| | |
| *WRITING* | |
|    Creative Paragraph | INC |
| | |
| **READING AND STUDY SKILLS** | |
|    *Where I'm Calling From & To Build a Fire* | C |
|    *Why We Can't Wait* | A |
|    *Freedom March* | A |
|    Word Origins | INC |
|    Vowel-Consonant Combinations | A |
|    Syllables | C |
| | |
| *ARITHMETIC* | |
|    Decimals | INC |

*Rick Laurence, Teacher, Cedar Junction*

*PROGRESS REPORT*

Student Name:    Jean Almodovar

ID:    W68354

Date:    April 2, 2002

SUBJECT                                                        GRADE

*WORKPLACE ESSENTIAL SKILLS*
<u>*The Language of Work*</u>                                                INC
   Speaking and Listening
   Identifying Nonverbal Communication
   Developing Effective Communication Skills
<u>*Communicating with Co-Workers and Supervisors*</u>                      B
   Communicating Effectively with Co-Workers
   Communicating with Supervisors
   Resolving Conflicts with Co-Workers and Supervisors
<u>*Working Together*</u>                                                   B
   Developing Teamwork Skills
   Participating on a Work Team
   Being Part of an Effective Team
<u>*Communicating with Customers*</u>                                       INC
   Understanding the Importance of Customer Satisfaction
   Providing for Customers' Needs
   Working with Difficult Customers

*WRITING*
   Verb Tense                                                  C
   Adverbs                                                     INC
   Prepositions                                                INC

*READING AND STUDY SKILLS*
   Main Idea                                                   C
   Reading Comprehension                                       B
   Prefixes and Suffixes                                       B

*ARITHMETIC*
   Fractions                                                   C
   Roman Numerals                                              C

*Rick Laurence, Teacher, Cedar Junction*

*PROGRESS REPORT*

Student Name:    Jean Almodovar

ID:    W68354

Date:    March 4, 2002

| SUBJECT | GRADE |
|---|---|
| *WORKPLACE ESSENTIAL SKILLS* | |
| *Interviewing* | B |
|   Exploring the Interview Process | |
|   Preparing for an Interview | |
|   Interviewing and Follow-up | |
| *Ready for Work* | C |
|   Understanding Work Expectations | |
|   The Meaning of "Work Ready" | |
|   Working as a New Hire | |
| *Workplace Safety* | D |
|   Understanding Safety Issues | |
|   Recognizing Safety Issues | |
|   Protecting Yourself and Your Co-Workers | |
| *Learning at Work* | A |
|   Learning on the Job | |
|   Taking Charge of Your Training | |
|   Long Term Training | |
| | |
| *WRITING* | |
|   Pronouns | C |
|   Adjectives | INC |
|   Verbs | INC |
| | |
| *READING AND STUDY SKILLS* | |
|   Fact and Opinion | INC |
|   Main Idea | C |
| | |
| *ARITHMETIC* | |
|   Division | INC |
|   Fractions | D |

*Rick Laurence, Teacher, Cedar Junction*

*PROGRESS REPORT*

Student Name:  Jean Almodovar

ID:  W68354

Date:  February 4, 2002

| SUBJECT | GRADE |
|---|---|
| *WORKPLACE ESSENTIAL SKILLS* | |
| *Planning to Work* | B |
| Thinking About Work | |
| Making a Career Plan | |
| Researching Jobs and Careers | |
| *Matching Jobs and Skills* | B |
| Assessing Your Employability | |
| Finding Job Leads | |
| Making the Job Search Your Job | |
| *Applying for Jobs* | INC |
| Figuring Out the Application Process | |
| Learning How Employers Screen Job Seekers | |
| Completing Job Application Forms | |
| *Resumes, Tests, and Choices* | B |
| Understanding the Purpose of Resumes | |
| Deciding Which Job Openings to Pursue | |
| Comparing job Opportunities | |
| | |
| *WRITING* | |
| Compound Subjects and Verbs | INC |
| Simple and Compound Sentences | A |
| Classifying Sentences by Purpose | C |
| Nouns and Proper Nouns | D |
| | |
| *STUDY SKILLS* | |
| Pronunciation of Words | INC |
| Word Meaning Through Context | C |
| Synonyms and Antonyms | C |
| Prefixes and Suffixes | B |
| | |
| *ARITHMETIC* | |
| Multiplication of Larger Numbers | C |
| Basic Division | B |

*Rick Laurence, Teacher, Cedar Junction*

## PROGRESS REPORT

Student Name:     Jean Almodovar

ID:               W68354

Date:             January 2, 2002

| SUBJECT | GRADE |
|---|---|
| **READING** | |
| Finding the Main Idea | D |
| Making Inferences | C |
| Literature | C |
| Using Sources of Information | C |
| Understanding Forms | D |
| | |
| **WRITING** | |
| Combine Sentences | C |
| Correcting Rambling Sentences | C |
| Revising Paragraphs | INC |
| Identifying Subjects | D |
| Identifying Predicates | INC |
| | |
| **STUDY SKILLS** | |
| Dictionary Use | D |
| Spelling and Syllabication | INC |
| | |
| **ARITHMETIC** | |
| Addition | A |
| Subtraction | B |
| Multiplication | B |

*Rick Laurence, Teacher, Cedar Junction*

## EXHIBIT "B"

NOTICE OF ENTRY OF APPLICATION FOR FURTHER APPELLATE REVIEW

NOTICE OF DENIAL OF F.A.R. APPLICATION

# Supreme Judicial Court for the Commonwealth of Massachusetts
## One Beacon Street, Third Floor, Boston, Massachusetts 02108
### (617) 557-1020


Jean Carlos Almodovar
MCI - Cedar Junction    (W-68354)
P.O. Box 100
S. Walpole, MA 02071


RE:  **No. FAR-14129**

   **COMMONWEALTH**
           **vs.**
   **JEAN CARLOS ALMODOVAR**

   Hampden Superior Court No. HDCR1999-02665
   Appeals Court No. 2003-P-0490


### NOTICE OF ENTRY OF APPLICATION FOR FURTHER APPELLATE REVIEW


   On May 19, 2004, the following application for further
appellate review was filed in the above-referenced case:  FAR
APPLICATION of Jean Carlos Almodovar, filed Pro se.

   Please note that any opposition to this application must be
received for filing in this office on or before June 1, 2004, and
must refer to the above-noted FAR docket number.

   Thank you.

                              Susan Mellen, Clerk

Dated: May 20, 2004

To:  Jane Davidson Montori, A.D.A.
     Jean Carlos Almodovar

# Supreme Judicial Court for the Commonwealth of Massachusetts
### One Beacon Street, Third Floor, Boston, Massachusetts 02108
### (617) 557-1020


Jean Carlos Almodovar
MCI - Cedar Junction    (W-68354)
P.O. Box 100
S. Walpole, MA 02071


RE:  Docket No. FAR-14129

**COMMONWEALTH**
**vs.**
**JEAN CARLOS ALMODOVAR**

Hampden Superior Court No. HDCR1999-02665
A.C. No. 2003-P-0490

NOTICE OF DENIAL OF F.A.R. APPLICATION

Please take note that on 06/30/04, the above-

captioned Application for Further Appellate Review was denied.

Susan Mellen, Clerk

Dated: June 30, 2004

To:  Jane Davidson Montori, A.D.A.
     Jean Carlos Almodovar

**EXHIBIT "C"**

DECISION OF MASSACHUSETTS APPEALS COURT

# Commonwealth of Massachusetts

### Appeals Court for the Commonwealth

### At Boston,

In the case no. 03-P-490

COMMONWEALTH

*vs.*

JEAN CARLOS ALMODOVAR.

Pending in the Superior

Court for the County of Hampden

Ordered, that the following entry be made in the docket:

Order denying motion for
new trial affirmed.

By the Court,

_____ , Clerk

Date    April 12, 2004.

NOTE:

The original of the within rescript
will issue in due course, pursuant
to M.R.A.R.23

APPEALS COURT

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

03-P-490

COMMONWEALTH

vs.

JEAN CARLOS ALMODOVAR.

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

Indicted for the murder of Alexander Rosa, the defendant Jean Almodovar pleaded guilty to so much of the indictment as charged murder in the second degree. He also pleaded guilty to indictments charging unlawful possession of ammunition and unlawful possession of a firearm. The indictments stemmed from an incident in Holyoke, where, according to the statement read by the prosecutor at the plea hearing, "Almodovar and [his uncle] hunted down the victim for ratting on [the uncle's] brother. They approached the victim on Southbridge Street in Holyoke. As the victim attempted to flee, the uncle pulled a .38 caliber revolver and fired four shots into the victim's back, causing him to drop to the ground. Almodovar then shot [the victim] with a sawed-off shotgun."

Some two years after the plea, Almodovar, acting pro se, filed a motion for a new trial, claiming defects in the plea colloquy and ineffective assistance of counsel. The motion judge, who was also the plea judge, denied the motion without a