UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JEAN CARLOS ALMODOVAR )<br>Petitioner, )<br>)<br>v. )<br>)<br>DAVID NOLAN )<br>Respondent. )<br>) | Civil Action No. 04-11864-MLW |

### RESPONDENT'S MEMORANDUM OF LAW
### IN SUPPORT OF THEIR MOTION TO DISMISS
### THE PETITION FOR WRIT OF HABEAS CORPUS AS TIME-BARRED

The respondent, by and through his counsel, respectfully submits this memorandum of law in support of his motion to dismiss the petition for a writ of habeas corpus filed by the petitioner, Jean Carlos Almodovar. The petition must be dismissed as time-barred under 28 U.S.C. § 2244(d), the statute of limitations for federal habeas corpus petitions. Because his conviction became final on July 17, 2000, the petitioner had to file his federal habeas petition within a one-year limitations period that expired on July 17, 2001. Moreover, the statute of limitations was not tolled at any point between July 17, 2000 and July 17, 2001. Consequently, because this habeas petition was not filed until August 25, 2004, – three years too late – the petition must be dismissed as time-barred.

### Prior Proceedings

On December 8, 1999, a Hampden County grand jury indicted Jean Carlos Almodovar for murder in violation of G. L. c. 265, § 1, unlawful possession of a firearm and unlawful possession of ammunition. *See* Exhibits 1 through 5, Docket Sheets, *Commonwealth v. Almodovar*,

HDCR1999-02665-02667.[1]  On July 17, 2000 in Hampden Superior Court before Massachusetts Associate Justice Judd J. Carhart, the petitioner plead guilty to murder in the second-degree, unlawful possession of a firearm and unlawful possession of ammunition. *Id.* Judge Carhart sentenced the petitioner to a state a prison term of life for second-degree murder (HDCR1999-02665); one year in the Hampden County House of Corrections for the unlawful possession of ammunition (HDCR1999- 02666) to be served concurrently with HDCR 1999-02665; and a state prison term of a minimum of three years and a maximum of five year for unlawful possession of a firearm, also to be served concurrently with HDCR 1999-02665. *Id.* On November 2, 2000, the petitioner filed a motion to revise and revoke late that Judge Carhart denied on November 3, 2000. *Id.*

On October 25, 2002, the petitioner filed a motion for a new trial in Hampden Superior Court. *See* Exhibits 1 through 4, Docket Sheets, *Commonwealth v. Almodovar*, HDCR1999-02665. On March 3, 2003, Judge Carhart denied the petitioner's motion for a new trial and the petitioner appealed. *Id.* On April 12, 2004, in a memorandum and order pursuant to Rule 1:28, the Massachusetts Appeals Court affirmed the order denying the petitioner's motion for a new trial. *See* Exhibit 6, *Commonwealth v. Almodovar*, 60 Mass. App. Ct. 1126, 806 N.E.2d 128 (2004).  The petitioner filed an application for leave to obtain further appellate review in the Massachusetts Supreme Judicial Court ("SJC") that was denied June 30, 2004. *See* Exhibit 7, *Commonwealth v. Almodovar*, 442 Mass. 1103, 810 N.E. 2d 1229 (2004).

---

[1] Exhibits 1 through 5 contain both typewritten and computerized pages of the docket for *Commonwealth v. Almodovar,* HDCR 1999-02665-02667. This reflects a conversion from manual to computerized dockets. The dockets are complete.

On August 25, 2004, the petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent now files this memorandum of law in support of his motion to dismiss the petition as time-barred.

## ARGUMENT

**A.   The Petition Must Be Dismissed as Time-Barred Under the Statute of Limitations for Federal Habeas Corpus Petitions.**

This petition for a writ of habeas corpus must be dismissed under the statute of limitations enacted by Congress as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), which became effective April 24, 1996. That provision, which is applicable to federal habeas corpus petitions filed by state prisoners, provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (emphasis added). The petitioner's conviction became final on July 17, 2000

when he pleaded guilty to murder in the second-degree, unlawful possession of a firearm and unlawful possession of ammunition in Hampden Superior Court. *See Commonwealth v. Balliro*, 437 Mass. 137, 166, 769 N.E. 2d 1258, 1262 (2002)(plea constitutes final conviction and motion to withdraw plea is a request for post-conviction relief); *see also* Exhibits 1 through 5, Docket Sheets, *Commonwealth v. Almodovar*, HDCR1999-02665-02667. The petitioner therefore had to file his federal habeas petition within a one-year limitations period that expired on July 17, 2001. *See* 28 U.S.C. § 2244(d). The federal habeas petition in this case was not filed until August 25, 2004, three years after the one-year limitation period had expired. The petition therefore is time-barred under the statute of limitations for habeas petitions and must be dismissed. 28 U.S.C. § 2244(d).

### B. The Limitations Period Was Never Tolled.

Nor is the petitioner entitled to rely on the tolling provision set forth in § 2244(d)(2). That section tolls the statute of limitations "during [the time] which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...." *Id.* Since the petitioner's motion for new trial was filed on October 25, 2002, *after* the limitations period had lapsed, the motion for new trial failed to toll the statute of limitations. *See, e.g., Delaney v. Matesanz*, 264 F.3d 7, 11 (1st Cir. 2001) (AEDPA's limitations period not tolled by new trial motion because, by the time it was filed, the one-year period had already expired); *Dunker v. Bissonnette*, 154 F. Supp.2d 95, 103 (D. Mass. 2001) (state-court motion filed after AEDPA's limitation period expired does not "revive" statute of limitations).

Furthermore, the statute of limitations should be not be tolled during the pendency of the petitioner's Mass. R. Crim. P. 29 motion to revise and revoke his sentence, which was filed late in the trial court on November 2, 2000. *See* Exhibits 2 and 3, Docket Sheets, *Commonwealth v.*

4

*Almodovar*, HDCR1999-02665. Not only was the motion to revise and revoke filed late and not "properly filed" as a matter of state procedural law, this Rule 29 motion also is not a proper tolling event since it is not a request for "collateral review." *See LeDoux v. Dennehy*, 327 F. Supp. 2d 97, 99 (D. Mass. 2004); *see also Artuz v. Bennett*, 531 U.S. 4, 121 S. Ct. 361, 364 (2000) (discussing §2244(d)'s "properly filed" requirement). Collateral review usually connotes a proceeding "'separate and distinct from an earlier proceeding, so also does it typically entail a challenge to the legality of the earlier proceeding or judgment.'" *LeDoux v. Dennehy*, 327 F. Supp. 2d at 99, *quoting Bland v. Hall*, No. 00-12020-RWZ, 2002 WL 989532, at *2 (D.Mass. May 14, 2002) (Zobel, J., *aff'd on other grounds*, 62 Fed. Apprx. 361 (1st Cir. 2003)(unpublished decision)(*quoting Walkowiak v. Haines*, 272 F. 3d 234, 238 (4th 2001)). Since a Rule 29 motion is not separate and distinct from an earlier proceeding and does not challenge the legal sufficiency of the conviction or the imposition of the sentence, it does not amount to a "collateral attack." Thus, section 2244 (d)(2) does not apply to toll the AEDPA's one year statute of limitations. *Id.*

Since the petitioner's conviction became final on July 17, 2000, he had to file his habeas petition in federal court no later than July 17, 2001. There were no tolling events that extended the one-year limitations period. Consequently, because Almodovar did not bring this petition until August 25, 2004, it is three years too late. Almodovar's petition therefore must be dismissed as time-barred.

## Conclusion

For the reasons set forth above, the petition for a writ of habeas corpus should be dismissed with prejudice.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Eva M. Badway
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
BBO # 635431

Dated: February 28, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2005, I caused a copy of the above <u>Memorandum of Law in Support of the Respondent's Motion to Dismiss</u> to be served by first-class mail, postage prepaid, upon Jean Carlos Almodovar, *pro se*, MCI-Cedar Junction, P.O. Box 100, South Walpole, Massachusetts 02071.

/s/ Eva M. Badway
Eva M. Badway