UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Jean Carlos Almodovar,

    Petitioner,

v.

David Nolan,

    Respondent.

Civil Action
No. 04-11864-MLW

## PETITIONER'S RESPONSE TO RESPONDENT'S MOTION TO DISMISS HABEAS CORPUS AS TIME-BARRED

The Petitioner, in response to the Respondent's motion to dismiss his petition as time-barred, submits that this Court should deny the Respondent's motion and compel the Respondent to file an opposition to the substantive claims in his 28 U.S.C. § 2254 Petition, whereas Petitioner's § 2254 Petitioner is "properly filed" and "timely" to be heard on its merits.

Any properly filed collateral challenge to the judgment tolls the time to seek federal collateral review. See Carter v. Litscher, 275 F.3d 663,665 (7th Cir. 2001). Only a "properly filed" application for state post-conviction review will toll the one-year limitation period. Smith v. Walls, 276 F.3d 340,343 (7th Cir. 2002).

[W]hether an application for state post-conviction relief is "properly filed" depends not on the merits of the application but rather on its compliance with formal

filing requirements, such as the "form of the document, the time limits opun its delivery, the court and office in which it must be lodged, and the requisite filing fee." Smith v. Walls, 276 F.3d at 343 (citing Artuz v. Bennett, 121 S.Ct. 361 (2000)).

The petitioner, Jean Carlos Almodovar, asserts that the Respondent's motion to dismiss his Petition as time-barred should be denied.

Here the Petitioner pled guilty to second degree murder on July 17, 2000. The Petitioner did not appeal that conviction until October 25, 2002, when he filed a "properly filed" post-conviction motion to withdraw his guilty plea by the States Court, who, in turn, decided his issues on their merits. He filed a motion to withdraw his guilty plea pursuant to Massachusetts Rules of Criminal Procedure 30(b). It was decided and denied on the merits. He then appealed to the Massachusetts Appeals Court. The Massachusetts Appeals Court decided and denied his appeal on its merits. He then filed an application for further appellate review ("FAR Petition") to the Supreme Judicial Court of Massachusetts and his FAR Petition was denied. He then filed the immediate § 2254 petition. This made his appeal pursuant to 28 U.S.C. § 2254 "properly filed" and timely. See 28 U.S.C. § 2244(d)(2).

The Petitioner here, in the case at bar, only filed one

new trial motion which was decided on its merits. Meaning the petitioner "properly filed" an application for state post-conviction as required by § 2244(d)(2). Thus, an application is "properly filed" when its "delivery and acceptance are in compliance with the applicable laws and rules governing filings" regardless of whether the state court later dismissed it as procedurally barred. Walls, 276 F.3d at 343. (internal citations omitted).

In Massachusetts, a criminal defendant who pleads guilty only avenue to appeal his guilty plea is through filing a Rule 30(b) motion for new trial. There is no other way to do it. See Commonwealth v. DeMarco, 387 Mass. 481 (1982); Commonwealth v. Huot, 380 Mass. 403,406 (1980)("A motion for new trial is the appropriate device for attacking the validity of a guilty plea"); Commonwealth v. Penrose, 363 Mass. 677,681 (1973)("[I]n the absence of waiver or other bar, there is no discretion to deny a new trial if a plea of guilty is entered in violation of a constitutional right of the defendant"); Commonwealth v. Fanelli, 412 Mass. 497 (1992).

Massachusetts does not impose any filing preconditions for Rule 30 motions for new trial, making the Petitioner's § 2254 Petition "properly filed" because his state appeal conforms to Massachusetts formal filing requirements. Compare Smith v. Walls, 276 F.3d 340. A criminal defendant

in Massachusetts can file a Rule 30(b) motion at "any time" to challenge his conviction. See Mass. R. Crim. P. 30(b). Since the petitioner pled guilty, his time under § 2244(d)(1) does not start running until he appeals his conviction and the appeals process has run its course. See Gaskins v. Duval, 183 F.3d 8 (1st Cir. 1999). In Gaskins the petitioner filed his § 2254 petition after "properly filing" collateral atack motions with the state. The federal district court denied Gaskins petition as being "time-barred" because the district court judge ruled that the tolling provisions did not apply. The First Circuit Court of Appeals reversed ruling that "[a]pplying the tolling provision encourages respect for the principle of comity and compliance with the requirement that, ordinarily, a state prisoner must first exhaust his state court remedies before seeking federal habeas relief. Gaskins, at 10. That is just what the Petitioner did here. The Respondent is overlooking 28 U.S.C. § 2244(d)(2). The Respondent's motion should be denied.

Respectfully Submitted,

Jean Carlos Almodovar, Pro se
MCI-Cedar Junction
P.O. Box 100
South Walpole, Ma. 02071

Dated: March 9, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Jean Carlos Almodovar,

    Petitioner,

v.

David Nolan,

    Respondent.

Civil Action
No. 04-11864-MLW

## CERTIFICATE OF SERVICE

I, Jean Carlos Almodovar, hereby certify that I caused a true copy of the foregoing <u>Response to Respondent's Motion to Dismiss The Petition For Writ of Habeas Corpus As Time-Barred</u>, to be served on Eva M. Badway, Assistant Attorney General, One Ashburton Place, Boston, Ma. 02108, by first class mail, postage prepaid.

                                                               Jean Carlos Almodovar, Pro se

Dated: March 9, 2005