```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


JEAN CARLOS ALMODOVAR                  )
          Petitioner,                  )
                                       )
     v.                                )    C.A. No. 04-11864-MLW
                                       )
DAVID NOLAN, Superintendent            )
          Respondent.                  )
```

MEMORANDUM & ORDER

WOLF, D.J.                                              February 16, 2006

Petitioner Jean Carlos Almodovar, an inmate serving a life sentence at MCI Cedar Junction, has filed this action pursuant to 28 U.S.C. §2254, seeking to challenge his imprisonment. On July 17, 2000, Almodovar pled guilty to murder, unlawful firearm possession, and unlawful ammunition possession in Hampden Superior Court. He now seeks to withdraw that plea because he says that the judge and his attorney did not inform him that "malice aforethought was a necessary element" of second degree murder.

On November 2, 2000, Almodovar filed a motion to revise and revoke his sentence, which the state court judge denied on November 3, 2000. On October 25, 2002, he filed a motion for a new trial, which the state court judge also denied. Almodovar appealed, and the Appeals Court of Massachusetts affirmed the lower court order on April 12, 2004. Almodovar filed his petition with this court on August 25, 2004.

Almodovar's petition is being denied because it is time barred by statute. Under 28 U.S.C. § 2244(d)(1), Almodovar had one year

from the date his conviction became "final" to file this petition for a writ of habeas corpus. See 28 U.S.C. § 2244(d)(1)(A). Under the statute, Almodovar's conviction became "final" when his time to appeal his conviction expired. See 28 U.S.C. § 2244(d)(1)(A). His time to appeal his conviction expired on August 16, 2000. See Mass. R. App. P. 4 (time to appeal expires 30 days after entry of judgment). Therefore, Almodovar had until August 16, 2001, to file his petition in this court.

Almodovar argues that the statute of limitation was tolled because he filed a motion for a new trial on October 25, 2002. However, his motion for a new trial could not toll the statute of limitations because his time to file this petition had already expired. See Delaney v. Matesanz, 264 F.3d 7, 11 (1st Cir. 2001) (motion for collateral review does not toll statute of limitations if it has already expired). Moreover, Almodovar's motion to revise and revoke his sentence (November 2, 2000) did not toll the statute of limitations because it was not a request for "collateral review." See Ledoux v. Dennehy, 327 F. Supp. 2d 97, 99 (D. Mass. 2004).

Almodovar has also filed a Motion for a Hearing (Docket No. 13) and a Motion to Appoint Counsel (Docket No. 14). However, neither motion is meritorious. Although the court may request an attorney to represent an indigent plaintiff, 28 U.S.C. §1915(e)(1), "[t]here is no absolute constitutional right to a free lawyer in a civil case." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).

Moreover, it is appropriate to appoint counsel only if the plaintiff demonstrates "exceptional circumstances." <u>Cookish v. Cunningham</u>, 787 F.2d 1, 2 (1st Cir. 1986). To demonstrate "exceptional circumstances," the plaintiff might show that the issues involved are complex, that he is not capable of representing himself, or that he is unable to conduct factual investigation necessary to support his claim. <u>Id.</u> Almodovar has not demonstrated any of these "exceptional circumstances." In addition, the court declines to hold a hearing because this case can be decided on the parties' submissions.

    Accordingly, it is hereby ORDERED that:

    1. Petitioner Jean Carlos Almodovar's Motion for a Hearing (Docket No. 13) and Motion to Appoint Counsel (Docket No. 14) are DENIED.

    2. Respondent's Motion to Dismiss (Docket No. 11) is ALLOWED, and this case is DISMISSED.

    /s/ MARK L. WOLF
    UNITED STATES DISTRICT JUDGE