```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

```
JEAN CARLOS ALMODOVAR              )
          Petitioner,              )
                                   )
     v.                            )    C.A. No. 04-11864-MLW
                                   )
DAVID NOLAN, Superintendent        )
          Respondent.              )
```

MEMORANDUM & ORDER

WOLF, D.J.                                          August 14, 2006

I.  Introduction

On February 16, 2006, pro se petitioner Jean Carlos Almodovar's ("Almodovar") petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 was dismissed as time-barred under 28 U.S.C. §2244(d)(1). (Docket No. 19). Since the dismissal, Almodovar has filed a Motion for Leave to File Late Written Objections (Docket No. 21), a Motion for Certificate of Appealability ("COA") (Docket No. 23), and a Motion for Leave to Appeal In Forma Pauperis (Docket No. 22).

II.  Motion for Leave to File Late Written Objections

The court construes Almodovar's Motion for Leave to File Late Written Objections as a Motion for Leave to File a Motion to Alter or Amend Judgment under Fed. R. Civ. P. 59(e). Accordingly, Almodovar had ten (10) days after the entry of judgment (i.e. until February 27, 2006) to file any objections. Almodovar waited until

April 5, 2006 to file his proposed objections and motion for leave to file late. No motions for extensions of time or motions to file late were filed in the intervening period between the court's dismissal of the action and Almodovar's submission of these filings. Accordingly, Almodovar's Motion for Leave to File Late Written Objections is being denied.

   III.   Motion for Certificate of Appealability

A Certificate of Appealability will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322 (2003). The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." See Miller-El, 537 U.S. at 338 (internal quotations omitted). A claim "can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. However, the "issuance of a COA must not be pro forma or a matter of course" because by enacting the Anti-Terrorism and Effective Death Penalty Act, "Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not." Id. at 337.

Almodovar has failed to make the requisite showing. Indeed, he does not even attempt to argue that the district court

incorrectly assessed his constitutional claim or otherwise erred in dismissing his petition. Instead, he premises his appeal on an alleged error by the state court at trial. Consequently, his Motion for Certificate of Appealability is also being denied.

IV. Motion for Leave to Appeal In Forma Pauperis

Almodovar's Motion for Leave to Appeal In Forma Pauperis is being denied because no certificate of appealability is being issued from this court. In addition, Almodovar has failed to file an affidavit stating the nature of the appeal and his belief that he is entitled to redress or a certified copy of a prison account statement as required by 28 U.S.C. §1915.

V. Order

Accordingly, it is hereby ORDERED that Petitioner Jean Carlos Almodovar's Motion for Leave to File Late Written Objections (Docket No. 21), Motion for Certificate of Appealability ("COA") (Docket No. 23), and Motion for Leave to Appeal In Forma Pauperis (Docket No. 22) are DENIED.

    /s/ MARK L. WOLF
UNITED STATES DISTRICT JUDGE